**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Class*

[Additional counsel listed in signature block]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MASON, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>SPRING EQ LLC,<br><br>   Defendant. | Case No.5:24-cv-01833-JGB-AGR<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT[1] FOR VIOLATIONS OF THE TELEPHONE SOLICITATION ACT 47 U.S.C. § 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

---

[1] Plaintiff amends his complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B).

**FIRST AMENDED CLASS ACTION COMPLAINT**

## NATURE OF THE ACTION

1.      Plaintiff, Robert Mason ("Plaintiff"), brings this putative class action on behalf of himself and others similarly situated against Defendant Spring EQ LLC ("Defendant") pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

2.      Defendant is a national mortgage lender that provides consumer financial services. To promote its services, Defendant engages in aggressive unsolicited marketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products without regards to consumers' rights under the TCPA.

3.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

5.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in this

**FIRST AMENDED CLASS ACTION COMPLAINT**

district, because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of California and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of California.

## PARTIES

6.    Plaintiff is a natural person who, at all times relevant to this action, was a resident of Riverside County, California.

7.    Defendant is a Delaware company whose principal place of business is located at 1 W Elm St Suite 450, Conshohocken, PA 19428. Defendant directs, markets, and provides its business activities throughout United Stated and the State of California.

8.    Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant

## FACTUAL ALLEGATIONS

9.    Defendant is a mortgage lender that sells mortgages and non-mortgage lending products.

10.    One way Defendant generates revenue is by refinancing consumer mortgage loans for which it charges the consumer various fees.

**FIRST AMENDED CLASS ACTION COMPLAINT**

11.    To increase its number of potential customers by soliciting new borrowers, Defendant purchases consumer lead information from LendingTree, LLC, a publicly traded and self-described "Marketing Lead Generator."[2]

12.    Defendant purchased Plaintiff's lead information, including his residential cellular telephone number, from LendingTree after Plaintiff visited LendingTree's website on or about January 24, 2024.

13.    At the time of his visit to the LendingTree website, Plaintiff did not provide his express written consent to Defendant to receive Defendant's telemarketing text messages on his residential cellular telephone.

14.    Plaintiff never provided any signed agreement, or any other agreement, between himself (the consumer) and Defendant (the seller) consenting to telemarketing from Defendant.

15.    Defendant did not provide any clear and conspicuous disclosure that it would be sending telemarketing text messages to Plaintiff from Defendant itself.

16.    On November 10, 2022, the FCC issued an Order that the TCPA's clear and conspicuous disclosure requirements are not satisfied by disclosing thousands of companies in a hyperlink:

> The websites included TCPA consent disclosures whereby the consumer agreed to receive robocalls from "marketing partners." These "marketing partners" would only be visible to the consumer if the consumer clicked on a specific hyperlink to a second website that contained the names of each of 5,329 entities. We find that listing more than 5,000 "marketing partners" on a secondary website is not sufficient to demonstrate that the called parties consented to the calls from any one of these "marketing partners."

docs.fcc.gov/public/attachments/DA-22-1271A1.pdf; (last accessed October 29, 2024); *see also Trim v. Mayvenn, Inc.*, 2022 U.S. Dist. LEXIS 63222, at *n.6 (N.D. Cal. Apr.

---

[2] *See* www.lendingtree.com (last accessed August 27, 2024)

**FIRST AMENDED CLASS ACTION COMPLAINT**

5, 2022) (noting in dicta that where supposed consent language was "contained in a general privacy policy on a separate page of [a] website" it was not "clear and conspicuous as a matter of law").

17.    To solicit new borrowers (and generate revenue), Defendant sends telemarketing text messages to the consumer leads it purchases from LendingTree, including Plaintiff.

18.    Beginning in January, 2024 and continuing at least through February 2024, Defendant began bombarding Plaintiff with telemarketing text messages to Plaintiff's cellular telephone number ending in 2070 (the "2070 Number") including but not limited to the following texts below from January 29, 2024 and February 5, 2024:



**FIRST AMENDED CLASS ACTION COMPLAINT**

19.    Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the statute of limitations relevant to this action.

20.    Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting Defendant's home equity loans and mortgage lending services and products.

21.    The information contained in the text messages advertises Defendant's various promotions, which Defendant sends to promote its business.

22.    Defendant is not Plaintiff's mortgage lender or servicer, and Plaintiff has never had any relationship with Defendant.

23.    Plaintiff received the subject texts within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

24.    Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

25.    At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.

26.    Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's cellular telephone with marketing text messages.

27.    Plaintiff has no existing business relationship with Defendant, has never submitted a loan application to Defendant or attempted to refinance his mortgage loan with Defendant.

28.    Plaintiff is the subscriber and sole user of the 2070 Number and is financially responsible for phone service to the 2070 Number.

29.    Plaintiff's 2070 Number is his residential number used for personal purposes.

**FIRST AMENDED CLASS ACTION COMPLAINT**

30.    Plaintiff registered his 2070 Number with the National Do Not Call Registry on May 6, 2021, and it has remained registered ever since and at all times relevant to this action.

31.    Plaintiff's 2070 Number was registered on the National Do Not Call Registry for more than 30 days prior to the telemarketing solicitations he received from Defendant.

32.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

33.    The text messages originated from telephone number 267-209-6599, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

34.    Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

35.    Further, Plaintiff estimates that he has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message.

## CLASS ALLEGATIONS

### PROPOSED CLASS

36.    Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

37.    Plaintiff brings this case on behalf of a Class defined as follows:

**FIRST AMENDED CLASS ACTION COMPLAINT**

**Do Not Call Registry Class**: **All persons in the United States who, within the four years prior to the filing of this action: (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) whose cellular telephone number Defendant obtained solely from LendingTree.**

38.    Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

39.    Plaintiff reserves the right to alter the Class definition as he deems necessary at any time to the full extent that the Federal Rules of Civil Procedure, the Civil Local Rules of the U.S. District Court for the Central District of California, and applicable precedent allow.

**NUMEROSITY**

40.    Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States who are registered on the National Do Not Call Registry. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

41.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**COMMON QUESTIONS OF LAW AND FACT**

**FIRST AMENDED CLASS ACTION COMPLAINT**

42.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    a.    Whether Defendant violated 47 C.F.R. § 64.1200(c);

    b.    Whether Defendant's conduct was knowing and willful;

    c.    Whether Defendant violated the privacy rights of Plaintiff and members of the class;

    d.    Whether Defendant's conduct caused Plaintiff and members of the Class inconvenience or annoyance;

    e.    Whether Defendant is liable for damages, costs, or attorney's fees and the amount of such damages, costs, or fees; and

    f.    Whether Defendant should be enjoined from such conduct in the future.

43.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

44.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

45.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

**FIRST AMENDED CLASS ACTION COMPLAINT**

46.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

47.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

48.     Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as whole.

## COUNT I
## <u>Violation of the TCPA 47 U.S.C. § 227</u>
### (On Behalf of the Plaintiff and the Do Not Call Registry Class)

49.     Plaintiff repeats and re-alleges paragraphs 1 through 48 of this Complaint and incorporates them by reference herein.

50.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the National Do Not Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**FIRST AMENDED CLASS ACTION COMPLAINT**

51.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[3]

52.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

53.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

54.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

55.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

**FIRST AMENDED CLASS ACTION COMPLAINT**

56.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

      a.  An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

      b.  An award of actual and statutory damages for Plaintiff and each member of the Class;

      c.  An order declaring that Defendant's actions, set out above, violate the TCPA;

      d.  An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

      e.  Such further and other relief as the Court deems necessary.

**<u>JURY DEMAND</u>**

Plaintiff and Class Members hereby demand a trial by jury.

**<u>DOCUMENT PRESERVATION DEMAND</u>**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: November 11, 2024                    Respectfully submitted,

**FIRST AMENDED CLASS ACTION COMPLAINT**

By: */s/ Scott Edelsberg*
**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

**SHAMIS & GENTILE, P.A.**
*/s/ Garrett Berg*
Garrett Berg, Esq. (pro hac vice forthcoming)
Florida Bar No. 1000427
14 NE 1st Ave., Suite 705
Miami, FL 33132
Telephone: 305-479-2299
gberg@shamisgentile.com

**TYCKO & ZAVAREEI LLP**
Sabita J. Soneji (State Bar No. 224262)
*ssoneji@tzlegal.com*
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808

Gemma Seidita (State Bar No. 322201)
gseidita@tzlegal.com
2000 Pennsylvania Ave, NW, Suite 1010
Washington, DC 20006
Telephone: (202) 973-0900

*Counsel for Plaintiffs and the Proposed Classes*

**FIRST AMENDED CLASS ACTION COMPLAINT**