1

**EDELSBERG LAW, PA**
Scott Edelsberg, Esq.

2

Cal Bar No. 330990
1925 Century Park E, Ste 1700

3

Los Angeles, CA 90067-2740

4

scott@edelsberglaw.com
*Counsel for Plaintiff and Proposed Class*

5

[Additional counsel listed in signature block]

6

7

8

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| ROBERT MASON, individually and on behalf of all others similarly situated, | Case No. 5:24-CV-01833-MWC-AGR |
| | CLASS ACTION |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| SPRING EQ, LLC., | Before: Hon. Michelle Williams Court Crtrm:  6A, 6th Floor |
| Defendant. | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.     PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. GOOD CAUSE STATEMENT

This action is likely to involve: (i) Defendant's non-public marketing strategies, including confidential sales and marketing material the disclosure of which could compromise the company's competitive position; (ii) non-public contracts that contain confidential pricing and other terms the disclosure of which could compromise the company's competitive position; (iii) consumer lead information that may include personal information of consumers, and (v) the company's trade secrets and confidential intellectual property, including non-public information regarding Defendant's internal operating procedures. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

1    Accordingly, to expedite the flow of information, to facilitate the prompt

2    resolution of disputes over confidentiality of discovery materials, to adequately protect

3    information the parties are entitled to keep confidential, to ensure that the parties are

4    permitted reasonable necessary uses of such material in preparation for and in the

5    conduct of trial, to address their handling at the end of the litigation, and serve the ends

6    of justice, a protective order for such information is justified in this matter. It is the

7    intent of the parties that information will not be designated as confidential for tactical

8    reasons and that nothing be so designated without a good faith belief that it has been

9    maintained in a confidential, non-public manner, and there is good cause why it should

10   not be part of the public record of this case.

11       2.      DEFINITIONS

12       2.1     Action: this pending federal lawsuit.

13       2.2     Challenging Party: a Party or Non-Party that challenges the designation of

14   information or items under this Order.

15       2.3     "CONFIDENTIAL" Information or Items: information (regardless of how

16   it is generated, stored or maintained) or tangible things that qualify for protection under

17   Federal Rule of Civil Procedure 26(c), and as specified above in the Good

18   Cause Statement.

19       2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their

20   support staff).

21       2.5     Designating Party: a Party or Non-Party that designates information or

22   items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL"

23   or "ATTORNEYS' EYES ONLY"

24       2.6     Disclosure or Discovery Material: all items or information, regardless of

25   the medium or manner in which it is generated, stored, or maintained (including, among

26   other things, testimony, transcripts, and tangible things), that are produced or generated

27   in disclosures or responses to discovery in this matter, or otherwise produced or

28   generated in the course of this litigation

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

STIPULATED PROTECTIVE ORDER
CASE NO. 5:24-CV-01833

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial. The protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, or information known to the Receiving Party before the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for

1  which protection is not warranted are not swept unjustifiably within the ambit of

2  this Order.

3        Mass, indiscriminate, or routinized designations are prohibited. Designations that

4  are shown to be clearly unjustified or that have been made for an improper purpose

5  (e.g., to unnecessarily encumber the case development process or to impose

6  unnecessary expenses and burdens on other parties) may expose the Designating Party

7  to sanctions.

8        If it comes to a Designating Party's attention that information or items that it

9  designated for protection do not qualify for protection, that Designating Party must

10  promptly notify all other Parties that it is withdrawing the inapplicable designation.

11        5.2    Manner and Timing of Designations. Except as otherwise provided in this

12  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

13  or ordered, Disclosure or Discovery Material that qualifies for protection under this

14  Order must be clearly so designated before or when the material is disclosed or

15  produced.

16        Designation in conformity with this Order requires:

17        (a)    for information in documentary form (e.g., paper or electronic

18  documents, but excluding transcripts of depositions or other pretrial or trial

19  proceedings), that the Producing Party or Designating Party must affix

20  "CONFIDENTIAL" to each page that contains protected material. If only a portion or

21  portions of the material on a page qualifies for protection, the Producing Party also must

22  clearly identify the protected portion(s) (e.g., by making appropriate markings in the

23  margins).

24        A Party or Non-Party that makes original documents available for inspection

25  need not designate them for protection until after the inspecting Party has indicated

26  which documents it would like copied and produced. During the inspection and before

27  the designation, all of the material made available for inspection shall be deemed

28  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

STIPULATED PROTECTIVE ORDER
CASE NO. 5:24-CV-01833

copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record during or before the end of the deposition, without prejudice to their right to so designate other testimony after reviewing the transcript.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party or Designating Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not

STIPULATED PROTECTIVE ORDER
CASE NO. 5:24-CV-01833

waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, or otherwise for purposes related to this litigation.

7.2    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.3    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, unless the

STIPULATED PROTECTIVE ORDER
CASE NO. 5:24-CV-01833

parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

STIPULATED PROTECTIVE ORDER
CASE NO. 5:24-CV-01833

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

STIPULATED PROTECTIVE ORDER
CASE NO. 5:24-CV-01833

The disclosure of Protected Material pursuant to the terms of this Stipulated Protective Order shall not constitute a grant by the Producing Party to the Receiving Party of any right or license to any Protected Material of the Producing Party. If at any time a Producing Party determines or realizes that certain testimony or some portion(s) of Disclosure or Discovery Material that it previously produced should be designated as "CONFIDENTIAL," the Producing Party may apprise the Receiving Party in writing, and such designated testimony or portion(s) of Disclosure or Discovery Material will thereafter be treated as CONFIDENTIAL under the terms of this Order, provided, however, that the Producing Party shall, at its cost, provide the Receiving Party with substitute copies, bearing the legend "CONFIDENTIAL" on any such Disclosure or Discovery Material at which time the Receiving Party shall promptly return to the Producing Party the copies of such substituted Disclosure or Discovery Material. Entry into this Stipulated Protective Order shall not prejudice in any way a Producing Party's rights to object to the authenticity or admissibility into evidence of any testimony or other evidence subject hereto.

If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to a Receiving Party is nevertheless inadvertently produced (the "Inadvertently Disclosed Information"), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a Producing Party makes a claim of inadvertent disclosure, the Receiving Party shall, within seven days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. The Receiving Party may move the Court for an Order compelling production of Inadvertently Disclosed Information.

12.    MISCELLANEOUS

1    12.1  Right to Further Relief. Nothing in this Order abridges the right of any

2    person to seek its modification by the Court in the future.

3    12.2  Right to Assert Other Objections. By stipulating to the entry of this

4    Stipulated Protective Order no Party waives any right it otherwise would have to object

5    to disclosing or producing any information or item on any ground not addressed in this

6    Stipulated Protective Order. Similarly, no Party waives any right to object on any

7    ground to use in evidence of any of the material covered by this Stipulated Protective

8    Order.

9    12.3  Filing Protected Material. A Party that seeks to file under seal any

10   Protected Material must comply with Civil Local Rule 79-5. Protected Material may

11   only be filed under seal pursuant to a court order authorizing the sealing of the specific

12   Protected Material at issue. If a Party's request to file Protected Material under seal is

13   denied by the court, then the Receiving Party may file the information in the public

14   record unless otherwise instructed by the court.

15   13.   FINAL DISPOSITION

16       After the final disposition of this Action, as defined in paragraph 4, within 60

17   days of a written request by the Designating Party, each Receiving Party must return all

18   Protected Material to the Producing Party or destroy such material. As used in this

19   subdivision, "all Protected Material" includes all copies, abstracts, compilations,

20   summaries, and any other format reproducing or capturing any of the Protected

21   Material. Whether the Protected Material is returned or destroyed, the Producing Party

22   may request from the Receiving Party a written certification by the 60 day deadline that

23   (1) identifies (by category, where appropriate) all the Protected Material that was

24   returned or destroyed and (2) affirms that the Receiving Party has not retained any

25   copies, abstracts, compilations, summaries or any other format reproducing or capturing

26   any of the Protected Material, which shall not be unreasonably withheld.

27   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

28   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

1    correspondence, deposition and trial exhibits, expert reports, attorney work product, and

2    consultant and expert work product, even if such materials contain Protected Material.

3    Any such archival copies that contain or constitute Protected Material remain subject to

4    this Stipulated Protective Order as set forth in Section 4 (DURATION).

5    14.    Any violation of this Order may be punished by any and all appropriate measures

6    including, without limitation, contempt proceedings and/or monetary sanctions.

7    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9    DATED: April 7, 2025

10   /s/ Scott Edelsberg

11   Attorney for Plaintiff and the putative class

12

13   DATED: April 7, 2025

14   /s/ Brittany Andres

15   Attorney for Defendant

16

17   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

18

19   DATED:    June 3, 2025

20

21   *Alicia G. Rosenberg*

22   Alicia G. Rosenberg

23   United States Magistrate Judge

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 5:24-CV-01833

1

# EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, [_____] [print or type full name], of

4  [_____] [print or type full address], declare under penalty of perjury

5  that I have read in its entirety and understand the Stipulated Protective Order that was

6  issued by the United States District Court for the Central District of California on [date]

7  in the case of *Mason v. Spring EQ, LLC*, Case No. 5:24-CV-01833 (C.D. Cal.), filed on

8  August 27, 2024. I agree to comply with and to be bound by all the terms of this

9  Stipulated Protective Order and I understand and acknowledge that failure to so comply

10  could expose me to sanctions and punishment in the nature of contempt. I solemnly

11  promise that I will not disclose in any manner any information or item that is subject to

12  this Stipulated Protective Order to any person or entity except in strict compliance with

13  the provisions of this Order.

14      I further agree to submit to the jurisdiction of the United States District Court for

15  the Central District of California for the purpose of enforcing the terms of this Stipulated

16  Protective Order, even if such enforcement proceedings occur after termination of this

17  action. I hereby appoint [_____] [print or type full name] of

18  [_____] [print or type full address and telephone number] as my

19  California agent for service of process in connection with this action or any proceedings

20  related to enforcement of this Stipulated Protective Order.

21  Date: _____

22  City and State where sworn and signed: _____

23

24  Printed name: _____

25

26  Signature: _____

27

28

STIPULATED PROTECTIVE ORDER
                                                   CASE NO. 5:24-CV-01833