LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
MICHAEL D. ROTH (SBN 217464)
mroth@kslaw.com
PAUL J. WATFORD (SBN 183283)
pwatford@kslaw.com
KELLY PERIGOE (SBN 268872)
kperigoe@kslaw.com
MICHAEL A. LOMBARDO (SBN 311365)
mlombardo@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:   (213) 443-4310

*Attorneys for Defendant*
SPRING EQ, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MASON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SPRING EQ, LLC.,<br><br>        Defendant. | Case No. 5:24-CV-01833-MWC-AGR<br><br>**DEFENDANT SPRING EQ, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Hearing Date: November 14, 2025<br>Hearing Time: 1:30 p.m.<br>Courtroom: 6A<br><br>Judge: Hon. Michelle Williams Court |

DEFENDANT SPRING EQ, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

# **TABLE OF CONTENTS**

Page

I. Introduction ................................................................................................ 1

II. Relevant Background ................................................................................ 2

III. Plaintiff's Motion is Substantively Meritless and Procedurally
 Deficient and Should Be Denied ............................................................... 3

 A. Plaintiff's Motion Fails on the Merits. ............................................ 4

 B. Plaintiff's Motion Should Be Denied as Procedurally
 Improper. ......................................................................................... 7

IV. Conclusion ................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cerelux Ltd. v. Yue Shao*,
  2017 WL 4769459 (C.D. Cal. June 9, 2017) ............................................................. 7, 8

*Christian v. Mattel, Inc.*,
  286 F.3d 1118 (9th Cir. 2002) .................................................................................... 7

*Communities v. Centerline Hous. P'ship I, L.P.*,
  2022 WL 17224665 (C.D. Cal. Aug. 9, 2022) ........................................................... 7

*U.S. ex rel. Holder v. Special Devices, Inc.*,
  296 F. Supp. 2d 1167 (C.D. Cal. 2003) ..................................................................... 5

*Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*,
  319 F. Supp. 2d 1094 (C.D. Cal. 2003) ..................................................................... 4

*Ngo v. Mercedes-Benz USA, LLC*,
  2025 WL 2029927 (C.D. Cal. July 21, 2025) ........................................................... 7

*Nia v. Bank of Am., N.A.*,
  2023 WL 25719 (S.D. Cal. Jan. 3, 2023) ................................................................... 5

*Pandora Media, LLC v. Spoken Giants, LLC*,
  2024 WL 660244 (C.D. Cal. Feb. 7, 2024) ............................................................... 6

*In re Pepperdine Univ. Tuition & Fees COVID-19 Refund Litig.*,
  780 F. Supp. 3d 948 (C.D. Cal. 2025) ....................................................................... 4

*Phoenix v. Toyota Arena LLC*,
  2025 WL 2014207 (C.D. Cal. Apr. 3, 2025) ......................................................... 4, 5

*PlayUp, Inc. v. Mintas*,
  635 F. Supp. 3d 1087 (D. Nev. 2022) ....................................................................... 6

*Town of N. Bonneville v. Callaway*,
  10 F.3d 1505 (9th Cir. 1993) ...................................................................................... 7

*Williams v. UMG Recordings, Inc.*,
  281 F. Supp. 2d 1177 (C.D. Cal. 2003) ..................................................................... 5

I. **Introduction**

Plaintiff's so-called "motion for reconsideration" (the "Motion") is frivolous. At oral argument on Plaintiff's underlying motion to compel, Magistrate Judge Alicia G. Rosenberg considered and discussed at length the very issues Plaintiff says were not considered and warrant reconsideration. What is more, Plaintiff's counsel consented to the staged-discovery plan that Judge Rosenberg ordered. As explained in more detail below, Plaintiff's Motion is substantively meritless and procedurally deficient and must be denied.

First, Plaintiff has offered no evidence to support any of the limited enumerated grounds for granting a motion for reconsideration. While Plaintiff correctly cites that reconsideration may be granted upon "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered," C.D. Cal. L.R. 7-18, he makes no attempt at all to meet that standard. Instead, he grossly mischaracterizes Judge Rosenberg's order, ignores the lengthy colloquy that occurred on the record about the "material facts" that Judge Rosenberg supposedly did not consider, and disregards his attorneys' own *consent* to the discovery plan he now wants to unwind. As Judge Rosenberg's order and the hearing transcript show, the Court considered all material facts, heard the Parties' arguments, and issued a discovery ruling that is indisputably within her discretion. That Plaintiff now disagrees with that order is not grounds for reconsideration.

Second, Plaintiff's Motion blatantly flouts many of this Court's Local Rules and those issues are not a mere technicality. For example, Plaintiff did not properly notice the motion and set it for a hearing. Instead, he unilaterally sought to waive the hearing requirement—effectively bypassing the briefing schedule established by the local rules, ignoring the Court's calendar, and attempting to jump to the front of the line without permission. Plaintiff also did not comply with the requirement to file his motion *seven days* after meeting and conferring about

the motion. *See* C.D. Cal. L.R. 7-3. Had he done so, he would have had time to obtain a transcript of the hearing before Judge Rosenberg—as Defendant did—and it would have been blatantly obvious that Judge Rosenberg considered every "material fact" that Plaintiff now argues was not considered, and that Plaintiff's counsel *consented* to the discovery plan that Judge Rosenberg ordered.

In short, Plaintiff's motion is patently meritless and should be denied.

## II.  Relevant Background

On September 9, 2025, Plaintiff moved to compel discovery related to the identification of telephone numbers, text messages, and the identity of potential class members, among other requests. Dkt. 105 ("Motion to Compel"). While the Motion to Compel was pending, on September 25, 2025, this Court certified a nationwide class. Dkt. 118. Soon after, on October 7, 2025, Judge Rosenberg held a hearing to resolve Plaintiff's Motion to Compel.

At the hearing, the parties updated Judge Rosenberg regarding the Court's class certification order and discussed the merits of Plaintiff's discovery motion in light of that order. *See* Declaration of Livia M. Kiser in Support of Defendant Spring EQ, LLC's Opposition to Plaintiff's Motion for Reconsideration ("Kiser Decl."), Ex. A, Transcript of Hearing on Motion to Compel, argued Oct. 7, 2025 ("Transcript"). During the hearing, as Spring EQ's counsel had previously told Plaintiff's counsel, Spring EQ informed Judge Rosenberg of its intent to file a motion to, among other things, dispute the Court's personal jurisdiction over claims brought by non-California plaintiffs in the newly certified class. *Id.* at 6:9-7:22. Judge Rosenberg discussed in detail the merits of Plaintiff's Motion to Compel, what an orderly discovery plan for fact discovery should look like, and what next steps would be most appropriate given Spring EQ's anticipated jurisdictional challenges. *Id.* at 5-20. In response to Judge Rosenberg's inclination to start with the production of information for potential class members from California, Plaintiff's counsel consented:

> Mr. Bergman: "I understand… what we're saying today is *we're agreeing to [] California*. So, let's develop a process that we can, you know, replicate nationwide depending on the outcome of the briefing. So, as far as this process goes, **it all sounds quite reasonable**[]."

Transcript at 19:5-10 (emphasis added)

On October 7, 2025, Judge Rosenberg issued an order directing the parties to file a joint proposed discovery plan to produce documents responsive to Document Request Nos. 7, 8, and 18 as narrowed pursuant to the class definition and class period, and *starting* with California addresses. Dkt. 125 ("Order") at 3. As Judge Rosenberg explained at the hearing, a number of issues may need to be resolved regarding the scope of documents Spring EQ would be required to produce, so beginning with California as a test case, and then applying that framework (if necessary) to other states would be the most efficient approach for the parties and the court. *See* Transcript 17:16-18:24. Plaintiff's counsel accepted Judge Rosenberg's ruling as "quite reasonable" and agreed to submit a stipulated discovery plan consistent with her order. *Id.* at 18:25-19:15, 28:15-25.

On October 9, 2025, two days after the hearing, Plaintiff met and conferred with Spring EQ about this Motion. *See* Dkt. 128-1. The next day, Plaintiff filed the Motion, (Dkt. 128-1), and the Parties jointly filed a stipulated fact discovery plan. (Dkt. 129). A transcript of the hearing before Judge Rosenberg became publicly available on October 17, 2025. Dkt. 132; Kiser Decl. ¶ 3.

### III. Plaintiff's Motion Is Substantively Meritless and Procedurally Deficient and Should Be Denied

Local Rule 7-18 provides that reconsideration is permissible only on the following grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that . . . could not have been known to the party moving for reconsideration at the time the Order was entered," or "(b) the

3

emergence of new material facts or a change of law occurring after the Order was entered," or "(c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18. The Rule further states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

"Motions for reconsideration are disfavored and rarely granted absent highly unusual circumstances." *In re Pepperdine Univ. Tuition & Fees COVID-19 Refund Litig.*, 780 F. Supp. 3d 948, 950 (C.D. Cal. 2025) (quotations omitted). "Mere dissatisfaction with the Court's order or belief that the Court is wrong in its decision are not adequate grounds for reconsideration." *Phoenix v. Toyota Arena LLC*, 2025 WL 2014207, at *1 (C.D. Cal. Apr. 3, 2025).

### A. Plaintiff's Motion Fails on the Merits.

While Plaintiff's Motion appears to be based on the portion of Local Rule 7-18 that allows a motion for reconsideration "to be brought" on a "manifest showing of a failure to consider material facts presented" (Mot. at 2:3-14), Plaintiff does not identify *a single material fact* that Judge Rosenberg failed to consider. For this reason alone the Motion should be summarily denied. *See Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1094, 1107 (C.D. Cal. 2003) (no "manifest showing of a failure to consider material facts" where movant "ha[d] not cited any evidence which the [c]ourt did not duly consider in issuing" its order).

To the extent Plaintiff is arguing that Judge Rosenberg's staged-discovery plan warrants reconsideration, Mot. at 3, Plaintiff does not attempt to identify a single fact that Judge Rosenberg purportedly failed to consider and seems to just disagree with the order.[1] Indeed, the Motion references only a few facts, all of which were squarely presented to Judge Rosenberg. Specifically, Plaintiff

---

[1] Plaintiff's Motion does not assert any new facts or law that could not have been raised prior to Judge Rosenberg's Order. *See* C.D. Cal. L.R. 7-18(a)-(b).

identifies the following facts (1) the date of the close of fact discovery; (2) the Court's order certifying a class; and (3) Spring EQ's explanation of its forthcoming arguments regarding personal jurisdiction. Dkt. 128-1. Plaintiff cannot dispute that these facts were raised and considered by Judge Rosenberg; indeed, they were the central focus of the hearing . *See* Transcript at 4-10, 35; *see* Dkt. 125 at 1-2 (Judge Rosenberg's order citing the Court's certification order and noting that Spring EQ disputes jurisdiction over the non-California portion of the class). The fact that Plaintiff now disagrees with Judge Rosenberg's ruling is not grounds for reconsideration. *Williams v. UMG Recordings, Inc.*, 281 F. Supp. 2d 1177, 1186 (C.D. Cal. 2003) (denying motion for reconsideration where "Plaintiff simply disagrees with . . . rulings which were adverse to him, and he asks this Court to consider the identical facts and law upon which [the Magistrate Judge] already ruled."); *Phoenix*, 2025 WL 2014207, at *1 ("dissatisfaction with the Court's order or belief that the Court is wrong in its decision are not adequate grounds for reconsideration").

Notwithstanding Plaintiff's (belated) disagreement with the Court's order, he cannot dispute that Judge Rosenberg carefully "conferred about a discovery plan for Document Request Nos. 7, 8, and 18" with counsel, and she crafted a pragmatic discovery plan that called for starting with the production of documents pertaining to California addresses first, given that California is the most populous state and jurisdiction is not being disputed for California residents. Dkt. 125 at 2-3. Not only is that objectively reasonable, but Plaintiff himself already agreed to it through counsel. The magistrate judge thus acted well within her discretion. *See Nia v. Bank of Am., N.A.*, 2023 WL 25719, at *3 (S.D. Cal. Jan. 3, 2023) (finding "magistrate judges are given broad discretion to manage the overall process in the interests of dispatch and fairness."); *U.S. ex rel. Holder v. Special Devices, Inc.*, 296 F. Supp. 2d 1167, 1168 (C.D. Cal. 2003) (finding motion to reconsider not in compliance with Local Rule 7-18 when the judge already "considered and rejected

the facts and argument presented by" Plaintiff).

Nor can Plaintiff prevail under Local Rule 7-18 by blatantly misrepresenting Judge Rosenberg's order as "unilaterally limit[ing] the production of discovery" to individuals who sought loans for properties located in California. Mot. at 2. That is not what Judge Rosenberg's order says. Indeed, Judge Rosenberg expressly told Plaintiff she was **not** adopting such a limitation during the hearing, and Plaintiff's argument to the contrary is an intentional misrepresentation to this Court. *See* Transcript at 17:4-18:4 ("Since there's no dispute over California, I think that's a logical place to begin…. A good place *to start*…. I'm **not adopting [a discovery] limitation**…. I'm **not issuing any kind of limitation.** I'm just saying we are **beginning the process**…. We need to **start somewhere**.") (emphasis added).

Judge Rosenberg exercised her discretion to require the parties to implement a discovery plan "***starting with*** California addresses" given the breadth of discovery and the arguments presented by the parties. Dkt. 125 at 3 (emphasis added). This structured discovery process promotes efficiency, since rulings on Spring EQ's forthcoming motions may moot the need for broader discovery and working out any necessary discovery steps in California first makes sense before applying such steps (and potential missteps) to the rest of the states. As such, the Order is well within Judge Rosenberg's "broad discretion to manage discovery." *Pandora Media, LLC v. Spoken Giants, LLC*, 2024 WL 660244, at *2 (C.D. Cal. Feb. 7, 2024); *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1094 n.1 (D. Nev. 2022) ("[D]iscovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and the speedy resolution of pre-trial disputes which might interfere with an orderly discovery process.") (quotations omitted).

Plaintiff's Motion is particularly egregious given that Plaintiff's counsel accepted Judge Rosenberg's California-first discovery plan during the hearing and confirmed that it was "quite reasonable." Transcript at 19:5-10 (Mr. Bergman: "I

understand… what we're saying today is *we're agreeing to the California*. So, let's develop a process that we can, you know, replicate nationwide depending on the outcome of the briefing. So, as far as this process goes, it all sounds quite reasonable[]."). Plaintiff is bound by his counsel's representations during the hearing, yet another basis on which Plaintiff's frivolous Motion should be denied. *See Town of N. Bonneville v. Callaway*, 10 F.3d 1505, 1509 (9th Cir. 1993) ("In the absence of egregious circumstances, parties are generally bound by the admissions of their attorney, including oral admissions.").

### B. Plaintiff's Motion Should Be Denied as Procedurally Improper.

Plaintiff's Motion also does not comply with Local Rules 6-1, 7-3, and 7-4, which is an independent basis to deny this Motion. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). "Compliance with the Local Rules is not optional." *Cerelux Ltd. v. Yue Shao*, 2017 WL 4769459, at *1 (C.D. Cal. June 9, 2017). "In particular, Local Rule 7-3 is not just a piece of petty pedantry put down to trip up lawyers or mere formalism simply there for lawyers to check off." *Ngo v. Mercedes-Benz USA, LLC*, 2025 WL 2029927, at *2 (C.D. Cal. July 21, 2025) (quotations omitted) (alteration adopted). Rather, it "encourage[s] parties to discuss their respective positions and identify any common ground. This is an essential step to conserve limited judicial resources." *Communities v. Centerline Hous. P'ship I, L.P.*, 2022 WL 17224665, at *2 (C.D. Cal. Aug. 9, 2022). Plaintiff's disregard of the local rules here was not a mere technicality.

First, Plaintiff disregarded Local Rule 6-1's requirement that motions be properly noticed for a hearing date at least twenty-eight (28) days after the filing of the Motion "[u]nless otherwise provided by rule or order of the Court." L.R. 6-1. Without citing any rule or Court order permitting him to do so, Plaintiff failed to include any hearing date in his notice of motion (violating Local Rule 7-4) and

instead purports to unilaterally dispel the hearing requirement for his Motion. *See* Dkt. 128; C.D. L.R. 7-4. That was in itself improper and important, as the hearing date is a crucial portion of the local rules and triggers the briefing schedule to respond to the Motion. *See* C.D. L.R. 7-9.

As is evident from the Court's online calendar, the Court's civil motion calendar is closed through November. *See* https://apps.cacd.uscourts.gov/Jps/. By improperly unilaterally waiving the hearing requirement, Plaintiff is effectively trying to jump to the front of the line of the Court's civil calendar and force the Court and Spring Eq to address this baseless motion on his own selected timetable. If Plaintiff wanted relief from this Court's hearing procedures and to expedite briefing, he needed to seek the Court's permission. *See, e.g.*, C.D. Cal. L.R. 7-19 (governing *ex parte* applications). Plaintiff did not do so.

Plaintiff also failed to comply with Local Rule 7-3's requirement that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution … ***at least 7 days prior to the filing***." C.D. Cal. L.R. 7-3 (emphasis added).[2] Plaintiff notified Spring EQ of its intent to file a motion to reconsider Judge Rosenberg's Order on October 9, 2025. Kiser Decl ¶ 2. The parties met and conferred later that afternoon. *Id.* Plaintiff then proceeded to file its Motion the next day on October 10, 2025. Dkt. 128-1. Spring EQ thus had little to no notice of the contents of the Motion and did not have seven days to resolve or narrow the dispute prior to the filing of the Motion. *Cerelux*, 2017 WL 4769459, at *1. Significantly, unlike Plaintiff, following the hearing with Judge Rosenberg, Spring EQ promptly ordered a transcript of the hearing. Dkt. 132.

---

[2] Local Rule 7-3 further requires the moving party to include with a motion a declaration setting forth "at a minimum the date(s)the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." L.R. 7-3. Plaintiff failed to include this declaration.

8
DEFENDANT SPRING EQ, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

That transcript became available after the Motion was filed, and, as set forth above, it thoroughly undermines the entire basis of the Motion.

Plaintiff's blatant disregard for this Court's procedural rules warrants denial of his frivolous Motion.

## IV. Conclusion

For the foregoing reasons, Spring EQ respectfully requests that the Court deny Plaintiff's procedurally deficient and wholly unfounded motion for reconsideration.

Dated: October 17, 2025             **KING & SPALDING LLP**

By: */s/ Livia M. Kiser*
    LIVIA M. KISER
    MICHAEL D. ROTH
    PAUL WATFORD
    KELLY PERIGOE
    MICHAEL A. LOMBARDO

*Attorneys for Defendant*
SPRING EQ, LLC.

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Spring EQ, LLC, certifies that this brief contains 9 pages, which complies with the page limit set forth in the Court's Standing Order (Dkt. 27).

Dated: October 17, 2025                **KING & SPALDING LLP**

By:  /s/ *Livia M. Kiser*
         LIVIA M. KISER
         MICHAEL D. ROTH
         PAUL WATFORD
         KELLY PERIGOE
         MICHAEL A. LOMBARDO

*Attorneys for Defendant*
SPRING EQ, LLC.